IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SYDNEY THREADGILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:22-cv-1068 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

**COMPLAINT**

Plaintiff, SYDNEY THREADGILL, files this Complaint and Jury Demand against Defendant WAL-MART STORES TEXAS, LLC, alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADA"). For causes of action, Plaintiff would show the Court as follows:

**I.**

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff SYDNEY THREADGILL is a resident of Caldwell County, Texas.

2. Defendant WAL-MART STORES TEXAS, LLC is an entity which can be served with Citation through its Registered Agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 USA.

3. This Court has jurisdiction to hear the merits of Mr. Threadgill's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a). . Venue is proper in this district and division under 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in Caldwell County, Texas.

4. Plaintiff exhausted his administrative remedies in this case by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and the Texas

Workforce Civil Rights Division on July 10, 2018, within 180 days from the date of his termination on April 22, 2018. Plaintiff received a Conciliation Failure and Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission on July 26, 2022, within 90 days of the filing of this lawsuit.

## II.

## FACTUAL BACKGROUND

5. Mr. Threadgill was hired by Defendant on December 12, 2017, as a maintenance employee. His job duties included cleaning floors, sweeping bathrooms, cleaning offices, and other maintenance tasks.

6. Mr. Threadgill suffers from severe asthma that occasionally requires him to be hospitalized when it flares up. After Mr. Threadgill was hired by Defendant, he was hospitalized for his asthma on several occasions, including in January 2018 and again in April 2018. Mr. Threadgill is under doctor's care all the time to help him manage his condition. Mr. Threadgill notified both his manager and Wal-Mart's third party benefits provider, Sedgwick, about his condition and having had to be hospitalized because of it.

7. Mr. Threadgill was in the hospital because of his asthma on April 6 and 7 and from April 17-20 of 2018. On April 20, 2018, Mr. Threadgill called Wal-Mart's third-party benefits provider, Sedgwick, and told them that he would return to work on April 22. On or around April 22, 2018, Mr. Threadgill's manager notified him that his employment with Wal-Mart had been terminated.

8. Mr. Threadgill filed for unemployment benefits, and the Texas Workforce Commission determined that Mr. Threadgill was fired "because of absences from work that were due to reasons beyond your control."

9. Mr. Threadgill filed a Charge of Discrimination with the U.S. Equal Employment Commission (EEOC) on July 10, 2018, alleging that Wal-Mart had discriminated against him because of his disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments Act of 2008. Following an investigation, on December 23, 2021, the EEOC issued its Determination. The EEOC's Determination found that Mr. Threadgill "is a qualified individual with a disability as defined by the ADA. Respondent was aware of Charging Party's disability and need for a reasonable accommodation in the form of leave. The information does not show that providing Charging Party with the reasonable accommodation would have been an undue hardship for Respondent. Although Respondent was aware of Charging Party's need for leave as an accommodation, Respondent issued attendance points to Charging Party for time away from work due to his disability. Because of Respondent's denial of the reasonable accommodation, Charging Partywas subsequently discharged."

10. The EEOC's determination goes on to state that "there is reasonable cause to determine Charging Party was denied a reasonable accommodation. There is also reasonable cause to determine that because Respondent denied Charging Party's needed reasonable accommodation, Charging Party was discharged on the basis of his disability in violation of the ADA.

11. Further, the determination continues to say that the EEOC has found that "since at least October 1, 2015 to the present, Respondent has or had a nationwide no-fault attendance and leave policy an/or practice that subjects qualified individuals with disabilities to attendance points for missing time from work for disability-related reasons. Evidence shows that Respondent has failed to engage in the interactive process to determine whether reasonable accommodations could be provided, resulting in the accumulation of attendance points by qualified individuals with disabilities who required time away from work for disability-related

reasons. Respondent has failed to provide reasonable accommodation to a class of similarly situated qualified individuals with disabilities who need or needed leave as an accommodation for disability-related reasons, resulting in them receiving discipline or being discharged. Therefore there is reasonable cause to determine that Respondent has failed to provide reasonable accommodations and subsequently discharged a class of individuals on the basis of disability, in violation of the ADA."

### III.
### CAUSES OF ACTION

#### COUNT ONE:
#### ADA Discrimination

12. Defendant violated the Americans with Disabilities Act by refusing Plaintiff reasonable accommodations and by discharging Plaintiff. 42 U.S.C. § 12101 et seq.

13. Under 42 U.S.C. §12112, it is unlawful for an employer to discriminate against any individual with respect to his employment because of that individual's disability or because the employer regards the individual as a person with a disability.

14. Defendant is an employer under the ADA.

15. Plaintiff was qualified for and could perform the essential functions of his job at the time of his termination. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendant as a person with a disability.

16. Plaintiff was meeting his employer's expectations. Plaintiff was terminated as a direct result of his disability, his record of having a disability, and/or because Defendants regarded Plaintiff as a person with a disability.

17. Defendants violated the ADA by intentionally discriminating against Plaintiff because of his disability by refusing Plaintiff reasonable accommodations and by terminating

Plaintiff's employment. Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment. Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

## IV.

## DAMAGES

18. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.

## COMPENSATORY DAMAGES

19. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his disability. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.

## PUNITIVE DAMAGES

20. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.

## ATTORNEYS' FEES AND EXPERT FEES

21. A prevailing party may recover reasonable attorneys' and experts' fees under the ADA. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## VIII.

## JURY DEMAND

22. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6. The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF